IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JILL ANNETTE PILON and JAMES PILON,

    Plaintiffs,

  - against -

UNITED STATES OF AMERICA,

    Defendant.

Case No.: 5:17-cv-590 (FJS/TWD)

**COMPLAINT**
**Demand for Jury Trial**

## PRELIMINARY STATEMENT

1. Plaintiffs, JILL ANNETTE PILON and JAMES PILON, bring this action, pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for the acts of negligence and professional malpractice in connection with the medical care provided to Plaintiff by the Defendant, UNITED STATES OF AMERICA, through its Department of Veterans Affairs, at the Syracuse Veterans Administration Medical Center in Syracuse, New York.

2. The Claims herein are brought against the Defendant for compensatory damages as a result of the personal injuries caused by the Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act through submitting a completed Standard Form 95 with the Defendant on March 23, 2016, attached hereto as "Exhibit 1."

4. This suit has been timely filed, in that the Plaintiffs have timely served notice of their claims on both the Department of Veterans Affairs less than two years after the incident forming the basis of this action.

5. Plaintiffs are now commencing this action pursuant to 28 U.S.C. §2401(b) after receiving the U.S. Department of Veterans Affairs' administrative tort claim denial letter on November 30, 2016, attached hereto as "Exhibit 2."

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiffs, JILL ANNETTE PILON and JAMES PILON, now residing at 5 Orville Street, Oswego, were and are citizens of Oswego County, State of New York at all times mentioned hereinafter.

7. Plaintiff, JILL ANNETTE PILON, is a veteran of the armed services of the United States, and was such at all times mentioned hereinafter.

8. Plaintiff, JAMES PILON, is and was at all relevant times, the lawful spouse of Plaintiff, JILL ANNETTE PILON.

9. Defendant, UNITED STATES OF AMERICA's Department of Veterans Affairs, hereinafter "VA," operates the Syracuse Veterans Administration Medical Center located at 800 Irving Avenue, Syracuse, New York 13210.

10. As part of its operation of the Syracuse Veterans Administration Medical Center, the Defendant provides clinical services for the evaluation, care and treatment of veterans.

11. Defendant, UNITED STATES OF AMERICA, through the VA's directors, officers, operators, administrators, employees, agents, and staff at the Syracuse Veterans Administration Medical Center are hereinafter collectively referred to as the "Syracuse VA Medical Center."

12. At all times relevant to this Complaint, the Defendant's Syracuse VA Medical Center held itself out to the public, and more particularly to the Plaintiffs, as a provider of high quality health care services, with the expertise necessary to maintain, evaluate, care for, and treat the health concerns and safety of patients similarly situated as was the Plaintiff, JILL ANNETTE PILON.

13.     At all time relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

14.     Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under the doctrine of *respondeat superior*.

15.     This is a claim for damages in excess of $75,000.00, exclusive of interest and costs.

16.     Jurisdiction is conferred upon this Court under 28 U.S.C. §1346(b).

17.     Venue is property under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

## FACTUAL ALLEGATIONS

18. On March 31, 2014, Plaintiff, JILL ANNETTE PILON, presented herself to Syracuse VA Medical Center, for treatment and care, at which time, the Defendant undertook for valuable consideration the aforesaid treatment and care of Plaintiff.

19. Upon information and belief, Defendant breached the duty of care which was owed to Plaintiff when on the 31st day of March, 2014, Defendant's employee, agent, and/or staff, Michael James Costanza, M.D., with the assistance of other unknown employees, agents and/or staff of Syracuse VA Medical Center, negligently performed vascular surgery to remove blockages on Plaintiff, JILL ANNETTE PILON's, right carotid artery at the aforesaid Syracuse VA Medical Center.

20. Upon information and belief and as a direct and proximate result of Michael James Costanza, M.D., and other unknown employees, agents and/or staff of Syracuse VA Medical Center's negligently performed vascular surgery to remove blockages, Plaintiff sustained paralysis of her left

side, aggravation of a pre-existing condition, and other residual effects causing pain and suffering,

physical and emotional injuries, additional medical costs and other consequential damages.

**CAUSE OF ACTION**
**AS AND FOR A CAUSE OF ACTION AGAINST THE DEFENDANT,**
**THE PLAINTFF, JILL ANNETTE PILON, ALLEGES:**

21.　　Plaintiffs repeat and reallege each and every allegation hereinabove as if fully set forth

hereinafter.

22.　　The Defendant had a duty to provide ordinary care, and to exercise that standard and

degree of care and skill required of health care providers, consistent with the expertise that the

Defendant presented to the community at large.

23. The Defendant breached its duty of care to the Plaintiff in the following:

　　　　a.　　Negligently performed vascular surgery to remove blockages on Plaintiff,

JILL ANNETTE PILON's, right carotid artery.

　　　　b.　　Negligently performed vascular surgery to remove blockages resulting in

Plaintiff sustaining paralysis of her left side, aggravation of a pre-existing condition, and other

residual effects causing pain and suffering, physical and emotional injuries, additional medical costs

and other consequential damages.

　　　　c.　　Being otherwise negligent in the premises.

24.　　At all times relevant to this Complaint, the Defendant had a duty to employ competent

health care providers, administrators, employees, agents and staff in order to meet its standards of

quality of care for its patients, including the Plaintiff.

25.　　The Defendant knew, or should have known, that the medical staff of the facility was

not properly trained, and/or supervised, in a manner necessary to provide a level of care for the

4

Plaintiff that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

26.     The Defendant further breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

27.     The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including the Plaintiff.

28.     The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and/or staff.

29.     As a direct and proximate result of Defendant's negligence, the Plaintiff sustained serious and permanent personal injuries in and about her body; she has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; she was forced to endure pain, suffering, and will continue to endure pain, suffering and in the future; and she has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

30.     Upon information and belief, the Defendant is liable pursuant to 28. U.S.C. §1346(b)(1).

## SECOND CAUSE OF ACTION
### AS AND FOR A CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTFF, JAMES PILON, ALLEGES:

31.     Plaintiffs repeat and reallege each and every allegation hereinabove as if fully set forth hereinafter.

32. Plaintiff, JAMES PILON, is and was at all relevant times, the lawful spouse of Plaintiff, JILL ANNETTE PILON.

33. As a direct and proximate result of the negligence of the Defendant named herein, Plaintiff, JAMES PILON, has lost the care, comfort, society, consortium, companionship and services of his wife, Plaintiff, JILL ANNETTE PILON, has been injured thereby, and is entitled under law to recover against Defendant with interest and costs and for such other and further relief as the Court may deem just and proper.

34. As a result of the foregoing, Plaintiff, JAMES PILON, has suffered damages in an amount which exceeds the jurisdictional limits of all Courts inferior jurisdiction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, JILL ANNETTE PILON, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the Defendant in the amount of Five Hundred Thousand Dollars ($500,000.00) and the Plaintiff, JAMES PILON, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the Defendant in the amount of Fifty Thousand Dollars ($50,000.00) plus all costs allowed by law to be changed against the Defendant, and for such other relief as deemed appropriate and permitted by law.

Dated: May 25, 2017

P. MICHAEL SHANLEY, ESQ.
**SHANLEY LAW OFFICS**
Attorneys for Plaintiffs
100 West Utica Street
Oswego, NY 13126
(315) 343-2610

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JILL ANNETTE PILON and JAMES PILON,

             Plaintiffs,

  - against -                         **CERTIFICATE OF MERIT**

UNITED STATES OF AMERICA,

             Defendant.

P. MICHAEL SHANLEY, ESQ., attorney for Plaintiffs here, and pursuant to Section 3102(a)(1) of the Civil Practice Law and Rules, declares:

1,      That I am an attorney duly licensed to practice law in the State of New York with an office at 100 West Utica Street, Oswego, New York  13126, and am the attorney of record for Plaintiffs herein, and am familiar with the facts and circumstances surrounding this case.

3,      That in June 2014, Plaintiffs consulted with your Deponent regarding an action for malpractice against the Defendant.

4,      That as Plaintiffs' attorney, I have reviewed the facts of this case and have consulted with at least one physician who is licensed in this state who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, and that your deponent has concluded on the basis of such review and consultation, that there is a reasonable basis for the commencement of the within action by Plaintiffs against the above named Defendant.

Dated: May 26 , 2017

                                      P. Michael Shanley, Esq.
                                      **SHANLEY LAW OFFICES**
                                      Attorneys for Plaintiffs
                                      100 West Utica Street
                                      Oswego, New York 13126
                                        Telephone: (315) 343-2610

SHANLEY LAW OFFICES